**V.O. BRIGHT, Jr., Appellant,**

v.

**John LEHMAN, Secretary of the Navy, et al.**

No. 83–1189.

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 31, 1983.

Decided Jan. 20, 1984.

Robert S. Plotkin, Washington, D.C., with whom Glenn H. Carlson and Robert E. Pokusa, Washington, D.C. were on the brief, for appellant.

William J. Birney, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., Washington, D.C., at the time the brief was filed, R. Craig Lawrence, Royce C. Lamberth, and Michael J. Ryan, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellees.

Before TAMM and MIKVA, Circuit Judges, and BAZELON, Senior Circuit Judge.

Opinion for the court filed by Circuit Judge TAMM.

TAMM, Circuit Judge:

Appellant brought an action in the district court seeking to compel the Secretary

* Sitting by designation.

of the Navy to conduct a performance appraisal for the 1980–1981 fiscal period. Appellant characterized his action as a claim in the nature of mandamus. 28 U.S.C. § 1361 (1976 & Supp. V). United States District Judge Louis F. Oberdorfer rejected appellant's characterization of the action and, instead, viewed appellant's claim as a petition for a substantive review of the merit pay rating that the Navy had assigned appellant. The district court found that it lacked jurisdiction to make such a substantive review pursuant to 5 U.S.C. § 5402(b)(2)(C) (1982), and therefore dismissed appellant's claim. We agree with the district court's characterization of appellant's claim and accordingly affirm its order of dismissal for lack of jurisdiction.

## I. BACKGROUND

In 1979, the United States Department of the Navy announced that it would implement the merit pay provisions of the Civil Service Reform Act (CSRA), 5 U.S.C. §§ 5401–5405 (1982), beginning with the 1980–1981 fiscal year. In December 1979, appellant filed a grievance requesting an accurate job description to ensure that he would be appropriately considered for a merit pay increase. Appellant's position was reclassified in May 1981, though the reclassification came long after the October 1980 deadline for inclusion in the 1980–1981 merit pay program. To compensate for the delay, the Navy assigned appellant a "presumptive level 4" as the basis for his evaluation in the 1980–1981 merit pay program. Appellant appealed this "presumptive rating" through the Navy's administrative process. As final relief, appellant obtained a "modal rating" for his merit pay system (MPS) group for the appraisal period ending on June 30, 1981.[1]

In April 1982, appellant filed suit in the district court. He requested, *inter alia,* a mandamus order directing the Navy to review both the manner in which his grievance was processed and the impact that processing had on his performance rating. *Bright v. Lehman,* No. 82–1036 (D.D.C. Apr. 14, 1982) Complaint, Joint Appendix (J.A.) at 39–40. Appellant asserted jurisdiction for the mandamus claim under 28 U.S.C. § 1361.[2]

The district court rejected appellant's characterization of the claim as one in the nature of mandamus and concluded that it lacked jurisdiction under section 1361 to hear the action. The district court rejected appellant's characterization in part because it found that the Navy's decision to grant a modal rating as relief for the delay in reclassification was "clearly within the statutory bounds of the CSRA and the discretion of the Navy administrators." *Bright v. Lehman,* No. 82–1036 (D.D.C. Oct. 29, 1982) Memorandum Opinion, J.A. at 15. Indeed, the Office of Personnel Management (OPM) has specifically suggested "that 'presumptive' or 'modal' MPS ratings and distributions would meet the regulatory requirement." Memorandum Opinion, J.A. at 16 (citing 45 Fed.Reg. 65497 (Oct. 3, 1980)). Since the Navy had followed the relevant statutory mandate, the district court reasoned that appellant's claim could not legitimately be construed as an action in the nature of mandamus. Memorandum Opinion, J.A. at 13–17.

The district court then examined the crux of appellant's claim and found that his actual concern was the substance of the Navy's decision not to grant him a merit pay increase for the year in which his job classification was in dispute. Memorandum Opinion, J.A. at 14. The court noted:

1. The district court noted that the record does not clearly define either a "presumptive" or a "modal" rating, except that each is a substitute for a full performance appraisal. *Bright v. Lehman,* No. 82–1036 (D.D.C. Oct. 29, 1982) Memorandum Opinion, Joint Appendix (J.A.) at 8 n. 2. The district court also correctly noted, however, that an exhaustive understanding of these ratings and their effects in the evaluation process is not central to the jurisdictional issue at hand. *Id.*

2. 28 U.S.C. § 1361 (1976 and Supp. V) provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

[S]tripped of its procedural trappings, [appellant's claim] . . . challenges a merit pay determination, albeit a retroactive one. Having been afforded an administrative review of this determination by the Navy, [appellant] is barred from review in this Court by operation of the CSRA. . . .

Memorandum Opinion, J.A. at 19. Because appellant was essentially requesting review of the merits of the Navy's decision, the district court held that it was barred from hearing appellant's claim.

Judge Oberdorfer's decision that the court was without jurisdiction to review appellant's substantive claim rested on 5 U.S.C. § 5402(b)(2)(C). This section, in pertinent part, provides that "[d]eterminations to provide pay increases under this subsection . . . shall be subject to review only in accordance with and to the extent provided by procedures established by the head of the agency. . . ." Memorandum Opinion, J.A. at 13. The district court concluded that 5 U.S.C. § 5402(b)(2)(C) was intended to apply to " 'a determination to either increase *or not increase* the pay' of a covered employee." Memorandum Opinion, J.A. at 13 (quoting S.Rep. No. 95–969, 95th Cong., 2d Sess. 90 (1978) U.S.Code Cong. & Admin. News 1978, pp. 2723, 2812 (emphasis added)). Appellant's claim, thus viewed as an appeal from a determination not to increase his pay, was dismissed for lack of jurisdiction.

## II. DISCUSSION

We agree with the district court's characterization of appellant's alleged mandamus claim. Count III of appellant's complaint asserts that "defendants had an affirmative duty to properly classify plaintiff's position, as well as develop appropriate standards

and criteria under the merit pay system." Complaint, J.A. at 39. Appellant then requested the district court to

order the defendants to undertake a *complete review* and *update* of [appellant's] MPS rating for the appraisal period ending June 30, 1981, and specifically include within such review an analysis of the impact which the delay in processing [appellant's] initial grievance had on the development of [appellant's] MPS rating, establish the review criteria for evaluation of [appellant's] *performance* and compute the MPS entitlement of [appellant].

*Id.* at 40 (emphasis added).

Appellant's petition plainly requests the district court to vacate the relief already afforded appellant and to order the Navy to reappraise for the third time appellant's MPS rating. This relief is tantamount to second-guessing a discretionary decision of the Navy that fell within the bounds of governing statutes and regulations.[3] Such review by the district court would violate the jurisdictional restrictions set forth in 5 U.S.C. § 5402(b)(2)(C). We will not allow appellant to circumvent the appeals procedure defined by Congress simply by casting a mandamus label on his claim.[4]

We emphasize that the district court did not hold that no action in the nature of mandamus could ever lie against the head of an agency regarding merit pay system ratings. Judge Oberdorfer explicitly noted that appellant's case "is not [one] in which an agency has failed to provide *any* procedures for internal merit pay system reviews, which could arguably contravene § 5402(b)(2)(C)." Memorandum Opinion, J.A. at 16 n. 9. Moreover, appellant did not allege that he was a victim of a *systematic*

---

3. We agree with the district court that the Navy's decision to grant appellant a modal rating as a remedy for the delayed reclassification of his position was well within its statutory discretion. 5 U.S.C. § 4302 (1982), and 5 C.F.R. §§ 540.104(h), 540.106(a)(3) (1983). *See supra* pages 789–790. This supports our conclusion that appellant's claim cannot fairly be characterized as an action in the nature of mandamus.

4. Even if the Navy's granting appellant a "modal rating" were somehow construed as a "reduction in pay," jurisdiction still would not lie in the district court. Rather, appellant's appeal would have been with the Merit Systems Protection Board and then with the appropriate United States Court of Appeals. 5 U.S.C. §§ 7512, 7513(d), 7701, 7703(b)(1) (1982).

denial of individual performance appraisals, or that as a matter of agency policy the Navy assigned presumptive or modal MPS ratings instead of individual performance appraisals.[5] Either action could arguably be construed as a deliberate deviation from the mandate of 5 U.S.C. § 4302 (1982) and 5 C.F.R. §§ 430.203, 540.104 (1983). While we do not condone the Navy's unwarranted delay in handling appellant's reclassification, the modal rating assigned appellant was an acceptable remedy for what the record shows to be an isolated event.

We thus conclude the district court correctly characterized appellant's claim as a petition for a substantive review of the Navy's discretionary decision. Accordingly, we affirm the district court's finding that it was without jurisdiction to hear appellant's claim.

*Affirmed.*

---

**5.** In *Carducci v. Regan,* 714 F.2d 171, 175 (D.C. Cir.1983), this court outlined the circumstances under which the CSRA contemplated judicial review of nonconstitutional claims. We do not interpret that discussion to preclude all actions in the nature of mandamus. In fact, the court in *Carducci* indicated that judicial review would be available to ensure that administrative review proceedings conformed to statutory mandates. *Id. See also Cutts v. Fowler,* 692 F.2d 138, 140 (D.C.Cir.1982).